UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

HUGO HERNANDEZ,

                                  Plaintiff,

            -against-

POLICE COMMISSIONER RAYMOND KELLY,
SERGEANT JAMES McNAMARA, POLICE OFFICER
VICTOR LOPEZ, POLICE OFFICER ANGEL CRUZ,
AND POLICE OFFICER CHRISTOPHER BALLEARA,

                                  Defendants.

**ANSWER ON BEHALF OF DEFENDANTS COMMISSIONER RAYMOND KELLY AND POLICE OFFICER CHRISTOPHER BALLEARA**

CV 09-1576 (ENV)(LB)

Jury Trial Demanded

------------------------------------------------------------------------ x

Defendants Commissioner Raymond Kelly and Police Officer Christopher Balleara, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

       1.     Deny the allegations set forth in the five unnumbered paragraphs of the complaint wherein plaintiff purports to name the parties to this action, except admit that Raymond Kelly is the Police Commissioner of the New York City Police Department, that James McNamara is employed by the New York City Police Department as a police sergeant, and that Victor Lopez, Angel Cruz, and Christopher Balleara are employed by the New York City Police Department as police officers.

       2.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that 42 U.S.C. § 1983 does not require exhaustion of administrative remedies.

       3.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

4. Deny the allegations set forth in paragraph "3" of the complaint, except admit that an incident occurred on March 13, 2007 at approximately 11:45 p.m., and that Angel Cruz was working as a police officer at that time in the vicinity of the elevated subway platform of the "J" Line at the Broadway Junction Station.

5. Deny the allegations set forth in paragraph "4" of the complaint, except admit that Angel Cruz was working as a police officer on March 13, 2007 in the vicinity of the elevated subway platform of the "J" Line at the Broadway Junction Station, which is located within the confines of the 73rd Precinct.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

8. Deny the allegations set forth in paragraph "7" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Officer Cruz said and what plaintiff and his friend said and did.

9. Deny the allegations set forth in paragraph "8" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Officer Cruz said or ordered.

10. Deny the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff initiated a physical altercation and that Officer Cruz suffered a severe cut to his head as a result of the altercation with plaintiff.

11. Deny the allegations set forth in paragraph "10" of the complaint, except admit that plaintiff was shot.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

14. Deny the allegations set forth in paragraph "13" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether Officer Cruz was down on one knee, and admit that Officer Cruz was bleeding from the head.

15. Deny the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff was transported to the hospital, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's medical treatment and what his family was told.

16. Deny the allegations set forth in paragraph "15" of the complaint.

17. Deny the allegations set forth in paragraph "16" of the complaint and its subparts.

18. Deny the allegations set forth in paragraph "17" of the complaint and its subparts.

19. Paragraph "18" is a demand for relief to which no response is required.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

20. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

21. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

22. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

23. Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

24. To the extent that the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of government functions.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

25. At all times relevant to the acts alleged in the complaint, defendants Commissioner Kelly and Police Officer Balleara acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

26. Defendants Commissioner Kelly and Police Officer Balleara have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

27. Plaintiff failed to comply, in whole or in part, with conditions precedent to suit under state law.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

28. Plaintiff's claims are barred, in whole or in part, by the applicable limitations period.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

29. Plaintiff provoked the incident.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

30. Commissioner Kelly had no personal involvement.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

31. Police Officer Balleara had no personal involvement in all or some of the events alleged in the complaint.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

32. There was probable cause to believe that plaintiff Hugo Hernandez presented a danger to himself and others.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

33. The force used by the defendant officer was reasonable, necessary, and justified to accomplish his official duties and to protect the physical safety of himself and others.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:

34. Plaintiff's claims may be barred in whole or in part by the doctrines of res judicata and collateral estoppel.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE:

35. To the extent the complaint is construed to allege a false arrest claim, there was probable cause for plaintiff's arrest.

**WHEREFORE,** defendants Commissioner Kelly and Police Officer Christopher Balleara request judgment dismissing the complaint, as against them with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
                October 21, 2009

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                       City of New York
                                    Attorney for Defendants Commissioner Raymond
                                    Kelly and Police Officer Christopher Balleara
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 788-9567

                      By: _____
                             Kathleen E. Naughton
                             Assistant Corporation Counsel


cc:      **BY FIRST CLASS MAIL**
          Hugo Hernandez, plaintiff *pro se*
          141-07-05428
          GRVC
          09-09 Hazen Street
          East Elmhurst, NY 11370

Docket No.: CV 09-1576 (ENV)(LB)

| |
|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
| HUGO HERNANDEZ,<br><br>                                  Plaintiff,<br><br>                              -against-<br><br>POLICE COMMISSIONER RAYMOND KELLY, SERGEANT JAMES McNAMARA, POLICE OFFICER VICTOR LOPEZ, POLICE OFFICER ANGEL CRUZ, AND POLICE OFFICER CHRISTOPHER BALLEARA,<br><br>                                Defendants. |
| **ANSWER TO THE COMPLAINT** |
| ***MICHAEL A. CARDOZO***<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants Commissioner Raymond Kelly and*<br>*Police Officer Christopher Balleara*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Kathleen E. Naughton*<br>*Tel: (212) 788-9567* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ............................................................,2009*<br><br>*............................................................................ Esq.*<br><br>*Attorney for ............................................................* |