UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

HUGO HERNANDEZ,

Plaintiff,

-against-

POLICE COMMISSIONER RAYMOND KELLY,
SGT. MCNAMARA, PO LOPEZ,
PO ANGEL CRUZ and PO BALLAERA,

Defendants.

------------------------------------------------------------X

FILED
IN CLERK'S
U.S. DISTRICT

★ MAR 10, 2010

P.M.
TIME A.M.

ORDER
09 CV 1576 (ENV)(LB)

**BLOOM, United States Magistrate Judge:**

The Court held a pretrial conference pursuant to Fed. R. Civ. P. 16 by telephone on

March 9, 2010. Plaintiff stated that he mailed the Court notice of his current address at Clinton

Correctional Facility, 10-A-0430, P.O. Box 2000, Dannemora, New York, 12929. Although, the

Court has not yet received plaintiff's notice, the Clerk of Court shall update plaintiff's address on

the docket. The Court set **July 19, 2010** as the deadline for the parties to complete all discovery.

Any request to amend the complaint, including any request to join other parties, shall be made by

April 9, 2010. Fed. R. Civ. P. 16(b)(3)(A).

Discovery is the process by which the parties request information from each other

regarding their claims or defenses. Each party bears its own costs of conducting discovery.

Discovery requests are not made to the Court. Discovery is governed by Rules 26 through 37 of

the Federal Rules of Civil Procedure and is conducted between the parties without the Court's

involvement. Pursuant to Fed. R. Civ. P. 33 and 34, plaintiff may request, in writing, answers to

questions and documents from defendants' attorney. The more specific the request, the more

likely the information will be produced. Generally, parties must respond to discovery requests in

writing within thirty (30) days. Since **July 19, 2010** is the deadline for the *completion* of all

discovery, requests to the opposing party must be served at least thirty (30) days before that

deadline. Plaintiff should always keep a copy of all requests and responses sent to defendants;

plaintiff should never send an original document, only a copy. Fed. R. Civ. P. 5(d) prohibits

litigants from filing discovery materials in the Court.

A deposition upon oral examination pursuant to Fed. R. Civ. P. 30 is a seven (7) hour

question-and-answer session in which the person being deposed testifies under oath or upon

affirmation. The deposition in its entirety, both the questions and answers, are transcribed by the

court reporter and may be used in the litigation. The Court hereby grants defendants permission

to depose plaintiff pursuant to Fed. R. Civ. P. 30(a)(2).

Before requesting the Court's assistance regarding a discovery dispute, the parties must

make a good faith effort to resolve the dispute with one another. See Fed. R. Civ. P. 26(c); Local

Civil Rule 37.3. For example, if plaintiff has requested materials and defendants have not

responded within thirty days, plaintiff must make a good faith effort to resolve the issue with

defendants' counsel before seeking the Court's intervention.

If defendants intend to file a motion for summary judgment, defendants' counsel shall

write to Judge Vitaliano by August 2, 2010.

SO ORDERED.

_____
LOIS BLOOM
United States Magistrate Judge

Dated: March 9, 2010
      Brooklyn, New York