```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
HUGO HERNANDEZ,
          PLAINTIFF,


     -AGAINST-                          PLAINTIFF'S FIRST AMENDED
                                        CIVIL RIGHTS COMPLAINT
                                        09-CV-1576(ENV)(LB)
POLICE COMMISSIONER RAYMOND KELLY;      JURY TRIAL DEMANDED
POLICE SERGEANT JAMES McNAMARA;
POLICE OFFICER VICTOR LOPEZ;POLICE
OFFICER ANGEL CRUZ;POLICE OFFICER
CHRISTOPHER BALLEARA;SUED IN THEIR
INDIVIDUAL CAPACITIES.
          DEFENDANTS.
------------------------------------x
```



ORIGINAL

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 01 2010 ★
P.M.
BROOKLYN OFFICE

## STATEMENT OF THE CASE

This is a civil rights complaint filed by the plaintiff Hugo Hernandez, his first amended civil rights complaint, pursuant to 42 U.S.C. section 1983 under the federal constitutional law of the United States Constitution; and he seeks a declaratory judgment that the defendants violated his fourth and eighth and fourteenth amendment constitutional rights when he claims:
(1) supervisory liability to the excessive use of physical force against the plaintiff where defendant kelly has created a policy or custom for the police to use excessive force (2) supervisory liabilty to the excessive use of physical force against the plaintiff where defendant mcnamara who was the supervisor and he did participate in the excessive use of physical force against the plaintiff (3) the excessive use of physical force where defendants mcnamara, lopez, cruz and balleara used the excessive use of physical force against the plaintiff maliciously and sadistically to cause him serious harm (4) failure to protect the plaintiff from the excessive use of physical force where each individual defendant mcnamara, lopez, cruz and balleara had more than enough ample time to intervene and prevent each other from using the excessive use of physical force against the plaintiff causing

him serious harm was done maliciously and sadistically (5) conspiracy to the excessive use of physical force against the plaintiff where each individual defendant mcnamara, lopez, cruz and belleara had planned and agreed with each other to use excessive physical force against the plaintiff to cause him serious harm was done maliciously and sadistically; and the plan and agreement of minds to cover up the unlawful assault and the unconstitutional excessive use of physical force; and the plaintiff Hugo Hernandez seeks a monetary reward of compensatory and punitive damages.

## THE PARTIES TO THE CASE

The plaintiff Hugo Hernandez's constitutional rights were violated under the fourth, eighth and fourteenth amendments of the united states constitution and he states a valid constitutional claim to all the relevant facts stated herein as to his first amended civil rights complaint. He is currently incarcerated at clinton correctional facility, p.o.Box 2000, Dannemora, New York 12929.

The defendant police commissioner Raymond Kelly, acting under color of state law at all times relevant herein is legally liable for his supervisory unconstitutional misconduct where he has created a policy or custom for the police to use excessive physical force against people who were arrested for an alleged crime.

The defendants police sergeant James Mcnamara, police officer Victor Lopez, police officer Angel Cruz and police officer christopher Belleara, acting under color of state law at all times relevant herein are legally liable for their direct unconstitutional actions.

## JURISDICTION AND VENUE

This federal court has jurisdiction over the plaintiff's civil rights action pursuant to 28 U.S.C. section 1331. This cause of action arose in the Eastern District of New York. Therefore, venue is proper under 28 U.S.C. section 1391(B).

2

STATEMENT OF FACTS

THE EXCESSIVE USE OF PHYSICAL FORCE CLAIM

1. On March 13, 2007, the plaintiff Hugo Hernandez was repeatedly and unlawfully assaulted while handcuffed behind his back by the defendants police sergeant James Mcnamara;police officer Victor Lopez;police officer Angel Cruz; and police officer Christopher Balleara maliciously and sadistically to cause him serious harm. The force used was excessive, unnecessary and wanton; unprovoked, unreasonable and unjustified.

2. The plaintiff Hugo Hernandez stabbed the defendant police officer Angel Cruz with a knife because he feared the officer would kill him; the defendant police officer Angel Cruz shot the plaintiff five times; three times, the plaintiff was shot while his back was towards the defendant police officer Angel Cruz; the plaintiff was handcuffed while face-down on the floor; and the defendants police sergeant James Mcnamara;police officer Victor Lopez; police officer Angel Cruz and police officer Christopher Balleara maliciously and sadistically and repeatedly assaulted him to cause him serious harm.

3. The plaintiff was in a defenseless posture and caused no threat to the officer's safety or well being while he was repeatedly assaulted and the excessive use of physical force used against him maliciously and sadistically to cause him serious harm.

THE FAILURE TO PROTECT CLAIM

4. On March 13, 2007, the defendant's police sergeant James Mcnamara;police officer Victor Lopez;police officer Angel Cruz and police officer Christopher Balleara repeatedly and unlawfully assaulted the plaintiff Hugo Hernandez while he was handcuffed behind his back face-down on the floor maliciously and sadistically to cause him serious harm; each individual defendant did participate in the assault and excessive force; each individual defendant was conscious and aware of the assault and excessive force; each individual

defendant had more than enough time to prevent each other from assaulting and using excessive force upon the plaintiff Hugo Hernandez and had the legal duty and responsibility to protect the plaintiff Hugo Hernandez from the infliction of the repeated and unlawful assault and excessive force that was done maliciously and sadistically to cause him serious harm.

THE CONSPIRACY CLAIM

5. On March 13, 2007, the defendants police sergeant James Mcnamara;police officer Victor Lopez;police officer Angel Cruz and police officer Christopher Balleara conspired with each other to repeatedly and unlawfully to assault the plaintiff Hugo Hernandez and use excessive physical force against him while he was handcuffed behind his back face-down on the floor maliciously and sadistically to cause him serious harm; each individual defendant had secretly banded together with the plan and agreement of the mind of evil intent to repeatedly and unlawfully to assault the plaintiff and in using excessive physical force upon him to cause him serious harm maliciously and sadistically; and each individual defendant had filed false reports to hide and cover-up the unlawful assaults and the excessive use of physical force.

THE SUPERVISORY LIABILITY CLAIM

6. On March 13, 2007, the defendant police sergeant James Mcnamara was the supervising officer and he had personally participated in the repeated and unlawful assault of the plaintiff Hugo Hernandez while he was handcuffed behind his back face-down on the floor with the other three defendants police officer Victor lopez;police officer Angel Cruz and police officer Christopher Balleara; and his intention was to hurt the plaintiff. The repeated and unlawful assault and excessive force was done maliciously and sadistically to cause him serious harm.

THE SUPERVISORY LIABILITY CLAIM

7. On March 13, 2007, the police commissioner Raymond Kelly was the police commissioner of the New York Police Department and he has created a policy or

4

custom for the police in New York to use excessive physical force against people who are accused of committing a crime and getting away with it; the police have used excessive physical force on many occasions and the police commissioner Raymond Kelly has not and is not punishing them; and he is aware of the repeated and unlawful use of excessive physical force against people who are arrested for an alleged crime.

## THE PLAINTIFF SUFFERED INJURIES

8. On March 13, 2007, the plaintiff Hugo Hernandez, as a result of the excessive physical use of force and the repeated and unlawful assault by the defendants police sergeant James Mcnamara, police officer Victor Lopez, police officer Angel Cruz and police officer Christopher Balleara was hospitalized and had suffered continuous and unnecessary and extreme physical pain, gun shots, swelling, lacerations, bruises, abrasions; a broken cheek bone and a broken ankle; depression, mental anguish and psychological pain; and he has continued to suffer injuries for the past three years and he will continue to suffer for the rest of his nature living existence.

## CLAIMS FOR RELIEF

9. The direct actions of defendants mcnamara, lopez, cruz and balleara in the paragraphs 1 through 3 in using the excessive physical use of force against the plaintiff Hugo Hernandez without need or provocation, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the fourth, eighth and fourteenth amendments of the united states constitution.

10. The direct actions of defendants mcnamara, lopez, cruz and balleara in the paragraph 4 in using the excessive physical use of force against the plaintiff Hugo Hernandez without need or provocation, were done maliciously and sadistically and failed to protect the plaintiff Hugo Hernandez from the use of the excessive physical use of force that was done maliciously and sadistically and constituted cruel and unusual punishment in violation of the fourth, eighth and

fourteenth amendments of the united states constitution.

11. The direct actions of defendants mcnamara,lopez,cruz and balleara in the paragraph 5 in using the excessive physical use of force against the plaintiff Hugo Hernandez in conspiracy without need or provocation, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the fourth,eighth and fourteenth amendments of the united states constitution.

12. The direct actions of defendant mcnamara in paragraph 6 in using the excessive physical use of force against the plaintiff Hugo Hernandez without need or provocation, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the fourth,eighth and fourteenth amendments of the united states constitution.

13. The direct actions of defendant kelly in paragraph 7 in creating a policy or custom for the police in New York to use excessive physical force against people who are accused of committing a crime and getting away with it; allowing it to continue and being aware of the repeated and unlawful use of excessive physical force against people who are arrested for an alleged crime.

## RELIEF REQUESTED

WHEREFORE, the plaintiff Hugo Hernandez requests that the federal court grant the following relief:

A. Issue a declaratory judgment stating that:

(1) The physical abuse of the plaintiff by the defendants mcnamara,lopez,cruz and balleara violated the plaintiff's Hugo Hernandez rights under the fourth,eighth and fourteenth amendments of the united states constitution.

(2) The defendants mcnamara,lopez,cruz and balleara failure to protect the plaintiff Hugo Hernandez from the excessive physical force violated the plaintiff's Hugo Hernandez rights under the fourth,eighth and fourteenth amendments of the united states constitution.

(3) The defendants mcnamara, lopez, cruz and balleara conspired and agreed with each other to use excessive physical force against the plaintiff Hugo Hernandez and violated his rights under the fourth, eighth and fourteenth amendments of the united states constitution.

(4) The defendant mcnamara was the supervisor and he personally used excessive physical force against the plaintiff Hugo Hernandez and he violated his rights under the fourth, eighth and fourteenth amendments of the united states constitution.

(5) The defendant kelly had created a policy or custom for the police to use excessive physical force against the plaintiff Hugo Hernandez and he violated his rights under the fourth, eighth and fourteenth amendments of the united states constitution.

B. Award compensatory damages in the following amount:

(1) 20 million dollars jointly and severely against all defendants, kelly;mcnamara;lopez;cruz;balleara.

C. Award punitive damages in the following amount:

(1) 5 million dollars against each individual defendant.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED: APRIL 20, 2010

Respectfully submitted,

Hugo Hernandez
Plaintiff-prose
Clinton Corr.Fac.
Dannemora, NY 12929

| | |
|---|---|
| PROSE COURT CLERK<br>UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>225 CADMAN PLAZA EAST<br>BROOKLYN, NEW YORK 11201 | HUGO HERNANDEZ#10A0430<br>PLAINTIFF-PROSE<br>CLINTON CORRECTIONAL FACILITY<br>P.O.BOX 2000<br>DANNEMORA, NEW YORK 12929 |

MAY 24, 2010

SUBJECT: HERNANDEZ V. KELLY, ET AL.,
09-CV-1576(ENV)(LB)

DEAR PROSE COURT CLERK:

I am the prose plaintiff in the above entitled civil rights litigation; and On April 20, 2010, I had mailed my notice of motion, affidavit and memorandum of law- attached as well was a copy of my first amended civil rights complaint to be filed with the court and as of yet I have not received nothing from the court confirming receipt of my documents; My deadline to file my motion to amend my complaint was April 23, 2010.

I did meet the filing deadline for the filing of my motion. Enclosed here, please find a copy of my motion papers(notice of motion, affidavit and memorandum of law and first amended civil rights complaint.

Thank you for your time and attention.

RESPECTFULLY SUBMITTED,

*Hugo Hernandez*
HUGO HERNANDEZ
PLAINTIFF-PROSE

CC: KATHLEEN E. NAUGHTON, ESQ.
    ASSISTANT CORPORATION COUNSEL
    DEFENDANTS ATTORNEY