UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

HUGO HERNANDEZ,

            Plaintiff,

    -against-

POLICE COMMISSIONER RAYMOND
KELLY, SERGEANT JAMES McNAMARA,
POLICE OFFICER VICTOR LOPEZ, POLICE
OFFICER ANGEL CRUZ and POLICE
OFFICER CHRISTOPHER BALLAERA,

            Defendants.

-------------------------------------------------------X

**ORDER**
**09 CV 1576 (TLM)(LB)**

**BLOOM, United States Magistrate Judge:**

Pro se plaintiff's excessive force claim under 42 U.S.C. § 1983 against defendants is proceeding to trial before Judge Melancon on June 6, 2011. Defendants' motion *in limine* (docket entry 79) has been referred to me. On May 10 and May 17, 2011, the Court held conferences to address defendants' motion and heard arguments by the parties. The Court grants defendants' motion *in limine* in part and denies it in part for the following reasons.

1.     <u>Plaintiff's plea to a charge of aggravated assault</u>

Defendants seek to introduce evidence that plaintiff pled guilty to the charge of aggravated assault on a police officer as a result of his arrest on March 13, 2007. Docket entry 79 at 3. The force used by defendants in effecting plaintiff's March 13, 2007 arrest is at issue in this case. Defendants argue that plaintiff's plea is relevant to the force the officers used against plaintiff, id. at 3-4, and is admissible under Rule 402 of the Federal Rules of Evidence ("Fed. R. Evid."). Defendants also argue that plaintiff's conviction for aggravated assault, a felony

1

punishable by imprisonment in excess of one year, bears on plaintiff's credibility as a witness and is admissible under Fed. R. Evid. 609(a)(1). Id. at 4. That rule provides:

> "For the purpose of attacking the character for truthfulness of a witness ... evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403,[1] if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused."

Thus, Fed. R. Evid. 609 contains a presumption that all felonies are generally probative of a witness's propensity to testify truthfully. U.S. v. Estrada, 430 F.3d 606, 617 (2d. Cir 2005).

The Court agrees that plaintiff's plea of guilty to the charge of aggravated assault as a result of his March 13, 2007 arrest is both relevant to the force used by officers against plaintiff and bears on plaintiff's credibility as a witness under Rule 609(a)(1). There is not a significant risk of prejudice when, as defendants state, "the conviction stems from the incident underlying the amended complaint." Docket entry 79 at 4. Accordingly, defendants' request to introduce evidence of plaintiff's plea to aggravated assault on a police officer on March 13, 2007 is granted.

2. <u>Plaintiff's prior convictions</u>

Defendants seek to introduce evidence of plaintiff's prior felony and misdemeanor convictions.

*Felonies*

---

[1] Fed. R. Evid. 403 provides that evidence, although relevant, "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

2

Defendants seek to introduce evidence of plaintiff's 2004 felony convictions for escape and resisting arrest, and his 2011 conviction for illegal reentry into the United States, again pursuant to Fed. R. Evid. 609(a)(1), to impeach plaintiff's credibility. Id. at 4-5. They also argue that it is important for the jury to know that plaintiff had reason to resist arrest, i.e., that he had a history of arrests and convictions and was in the United States illegally. Id. at 6

In balancing the probative value of the evidence against its prejudicial effect under Fed. R. Evid. 609(a)(1), the Court is to consider the following factors: "(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue in the present litigation, and (4) the importance of the credibility of the witness." Jones v. City of New York, No. 98 CIV 6493, 2002 WL 207008, at *2 (S.D.N.Y. Feb. 11, 2002) (Sand, J.) (citing among others, Weinstein's Evidence, § 609.05[2]). The greater the similarity between the past crime and the conduct at issue in the litigation, "the more reluctance to admit the prior conviction." Id. at *3.

Defendants argue that "this case hinges on the credibility of the parties." Docket entry 79 at 5. Moreover, plaintiff's 2004 convictions for escape and his 2011 conviction for illegal reentry into the United States are both crimes involving a false statement or dishonesty. These convictions are also dissimilar to the conduct at issue in the present litigation.[2] By contrast, plaintiff's 2004 conviction for resisting arrest is too similar to the conduct at issue here. Accordingly, defendants' request to introduce evidence of plaintiff's prior felony convictions is granted in part and denied in part. Defendants may introduce plaintiff's 2004 conviction for escape and his 2011 conviction for illegal re-entry into the United States but defendants may not

---

[2] Plaintiff's escape was nonviolent in that plaintiff "was handcuffed to a desk, waited for the arresting officer to use the restroom, took the opportunity to slip out of the handcuffs and fled." Docket entry 79 at 5.

3

introduce plaintiff's 2004 conviction for resisting arrest.

*Misdemeanors*

Defendants seek to introduce evidence of plaintiff's shoplifting conviction from 2003, pursuant to Fed. R. Evid. 609(a)(2). Id. at 6. Under the rule, "[ev]idence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." A conviction for shoplifting involves dishonesty and accordingly, defendants' request to introduce this conviction is granted.

Defendants also seek to introduce evidence of plaintiff's misdemeanor convictions for assault from 2002 and 2003, and conviction for driving under the influence from 2002, "to mitigate or controvert his claim for mental anguish and psychological pain ... should the jury determine that damages are warranted in this case." Docket entry 79 at 6. Specifically, plaintiff has testified that as a result of the incidents at issue in this case "when he sees a lot of officers he gets nervous, anxious and is now afraid of police officers." Id. at 7. Defendants argue that plaintiff's prior arrests, incarcerations, convictions and experience with police officers is relevant to the measure of damages. Id. The Court finds, however, that the probative value of the misdemeanor assault convictions are outweighed by their prejudicial effect, especially given their similarity to the conduct at issue. However, the Court will allow defendants to introduce plaintiff's misdemeanor conviction for driving under the influence as it is relevant to the issue of damages and not outweighed by its potential prejudice. Accordingly, defendants' request to introduce evidence of plaintiff's prior misdemeanor convictions is granted in part and denied in

part. Defendants may not introduce evidence of plaintiff's misdemeanor convictions for assault from 2002 and 2003, but they may introduce evidence of plaintiff's conviction for driving under the influence from 2002.

3.   Plaintiff's prior use of knives

Defendants seek to introduce evidence of plaintiff's prior use of knives. Specifically, plaintiff testified at his deposition that he used a knife when he was at a party and three to four men crowded around him and his friend. Pl.'s Dep. Tr., docket entry 62 at 48[3]. One of the men tried to punch plaintiff and plaintiff pulled out a knife and slashed the man in the neck. Id. In a second incident, plaintiff and a friend were "sticking up a drug dealer," and plaintiff stabbed the dealer with a knife in the neck and head. Id. at 50. Defendants seek to introduce this evidence not for propensity, but to reveal plaintiff's motive, intent, or state of mind at the time he stabbed Officer Cruz; more specifically, to controvert plaintiff's claim that he used the knife against defendant Officer Cruz because he believed he was going to be killed otherwise. Docket entry 79 at 8.

Under Fed. R. Evid. 404, character evidence is not admissible to show propensity to act in a certain way, with certain exceptions. One exception is that "[ev]idence of other crimes, wrongs, or acts ... is admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident ..." Fed. R. Evid. 404(b). Under Rule 404(b), the Court must consider the relevance of such evidence and weigh probative value of the evidence against prejudice to the plaintiff. See U.S. v. Gordon, 987 F.2d 902, 908 (2d Cir. 1993).

The Court finds the relevance and probative value of plaintiff's prior use of knives to be

---

[3] Plaintiff did not testify what date or year this incident happened.

5

minimal here. There is no dispute that plaintiff used a knife to assault Officer Cruz on the date in question. Defendants will introduce a photograph of the knife used by plaintiff in the assault on Cruz. Plaintiff's prior use of knives will be highly prejudicial. Accordingly, defendants' request to introduce this evidence is denied. However, defendants will be able to ask plaintiff whether he has ever used a knife before, and if plaintiff fails to answer the question truthfully, defendants may seek to introduce plaintiff's deposition testimony regarding his prior use of knives to impeach him.

4.   Plaintiff's immigration status

Defendants seek to introduce evidence of plaintiff's illegal status and immigration history, including his overstay of a visa and his illegal reentry to the U.S. after being deported, in an effort to demonstrate plaintiff's lack of truthfulness. Docket entry 79 at 9. Defendants argue that such evidence is admissible under Fed. R. Evid. 608(b)(1). Rule 608(b)(1) provides:

> "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness's character for truthfulness or untruthfulness ..."

In Bonilla v. Jaronczyk, 354 F. App'x 579, 583 (2d Cir. 2009), a summary order, the Second Circuit found that questions regarding a plaintiff's "use of false papers to reenter the United States illegally clearly satisfied" the standard under Rule 608(b)(1).[4] As the Court has already ruled that plaintiff's conviction in 2011 for illegal re-entry into the United States can be

---

[4] But see Mischalski v. Ford Motor Co., 935 F.Supp.203, 207-208 (E.D.N.Y. 1996) ("Ford has cited no authority, and the court is aware of none, to support the conclusion that the status of being an illegal alien impugns one's credibility.").

6

introduced, defendants' request to introduce other evidence of plaintiff's illegal immigration status is denied as cumulative and unnecessary.

5.   Plaintiff's prior drug use

Defendants seek to introduce evidence of plaintiff's prior drug use, including use of "marijuana, crack, cocaine, heroin and alcohol for years up until his arrest on March 13, 2007." Docket entry 79 at 10. Defendants seek to introduce this evidence under Fed. R. Evid. 404(b) (a prior act used for a purpose other than propensity) to demonstrate that some of plaintiff's damages, should the jury reach the question, were caused by plaintiff's drug use. Id. at 10. Defendants argue that plaintiff was diagnosed with depression prior to the incidents at issue in this case, and that he testified to experiencing severe withdrawal from alcohol and heroin use. Pl.'s Dep. Tr., docket entry 48 at 55, 60. However, plaintiff has also testified that he was not on drugs the day of the incident at issue in this case, that he had been sober for about two weeks, and that he was taking prescribed psychoactive medications (Prozac). Docket entry 86 at 27-28; Pl.'s Dep. Tr., docket entry 48 at 102. Moreover, plaintiff's recall of the events on the day of the incident is clear and succinct, and does not suggest an inability to "accurately recollect and report his perceptions of the underlying incident." See docket entry 79 at 11; Pl.'s Dep. Tr., docket entry 48 at 102. Nonetheless, defendants may question plaintiff about what drugs plaintiff was taking at the time of the incident, not his history of prior drug use. However, if plaintiff introduces documents regarding his prior mental health history for purpose of establishing damages that include his treatment for addiction, plaintiff will open the door to questioning about his prior drug use.

6. Plaintiff's use of aliases

Defendants seek to introduce evidence of plaintiff's use of an alias during his arrest in 2002 and 2003 for assault of a police officer, and while he worked at a restaurant. Pl.'s Dep. Tr., docket entry 48 at 14, 29. Defendants seek to introduce such evidence in order to impeach plaintiff's credibility and truthfulness, again pursuant to Fed. R. Evid. 608(b). The use of an alias goes to credibility and truthfulness, and accordingly, defendants' request to introduce evidence of plaintiff's use of an alias is granted, however, defendants shall not elicit the facts underlying the arrest for assault. See Fletcher v. City of New York, 54 F. Supp. 2d 328, 333 (S.D.N.Y. 1999) (citing Young v. C.O. Calhoun, No. 85 CIV. 7584 1995 WL 169020, at *5 (S.D.N.Y. April 10, 1995) (Kram, J.)).

7. Firearms Discharge Report

Defendants seek to introduce into evidence the Firearms Discharge Report prepared by New York Police Captain Timothy Trainor to the Chief of the Department dated March 14, 2007. Docket entry 79 at 12. Plaintiff consents to making the Firearms Discharge Report a joint exhibit. Tr. of May 23, 2011 Status Conference, docket entry 95 at 77-78. Therefore, defendants' request is granted.

8. Plaintiff's psychological condition

Defendants seek to introduce evidence of plaintiff's psychological condition, because 1) it bears on plaintiff's ability to rationally perceive events at the time of the incident, and accurately recollect and report his perceptions of the incident; and 2) it is relevant to the issue of damages. Id. at 13-14. Defendants state that plaintiff's medical history and testimony in his deposition show that "at the time of the incident plaintiff had recently been diagnosed as manic

8

depressive and showed signs of being paranoid and delusional." Id. at 13. In addition, defendants say that plaintiff has testified that he was diagnosed as suicidal and homicidal in 2004 and prescribed antipsychotic medication, and that these "psychological issues continued through the date of the incident." Id. Also, defendants say that plaintiff has conceded that he did not have a stable mind and has testified that he attempted suicide before and after incident. Id.

Evidence of a witness's psychological history may be admitted as a reflection of the witness's credibility. See U.S. v. Sasso, 59 F.3d 341, 347 (2d Cir. 1995). Factors to be considered by the Court in determining whether to admit such evidence include: 1) the nature of the psychological problem; 2) the recency of the psychological history; and 3) whether the witness suffered from the psychological problem at time of the event being testified to in such a way as to affect the witnesses ability to perceive or recall events accurately. Id. at 347-348 (citations omitted). A mere history of psychological illness, not probative of the witness's state of mind at the time of the events being recalled, should not be admitted and risks stereotyping people with mental illness as incapable of testifying to events. See id. at 348 (recent depression did not necessarily suggest that the condition had any probative value where there was no indication plaintiff was in delusional state capable of affecting her ability to perceive events); see also Lewis v. Velez, 149 F.R.D. 474, 484-485 (S.D.N.Y. 1993) (limiting introduction of mental illness history to portions describing hallucinations bearing upon plaintiff's powers of perception, and noting the risk of stereotyping people who seek mental health treatment).

Unlike plaintiff's prior drug use, plaintiff's psychological condition at the time of the incident is an issue which bears on plaintiff's ability to rationally perceive events at the time and to accurately recollect and report his perceptions. Similarly, plaintiff's diagnosis in 2004 is close

enough in time to the underlying event (less than ten years) to be probative, where one can reasonably conclude that plaintiff's condition may have been evident on the day of the incident. Finally, any testimony by plaintiff's treating physician on the evening of the incident regarding her perceptions of plaintiff will be allowed as probative evidence. The request to introduce plaintiff's psychological history predating the incident by more than ten years is denied. Accordingly, defendants' request is granted in part and denied in part.

8. Plaintiff's prior interactions with police

Defendants' seek to introduce evidence of plaintiff's prior interactions with police, including: 1) punching a Sergeant in the face in 2003 while police were trying to stop plaintiff, who was drunk and had taken 13-14 Benadryls, from grabbing a woman; 2) resisting arrest in 2003 after plaintiff, again drunk and having used marijuana, refused to leave the scene of an incident involving his girlfriend's friend; and 3) in 2004, spitting on police officers who had maced plaintiff while he was under a car after he had escaped from custody. Pl.'s Dep. Tr., docket entry 48 at 68-69, 72, 74-76; docket entry 79, at 14. Defendants seek to introduce this evidence not to show propensity but to controvert plaintiff's measure of damages, which again, are based on his claim that as a result of the incidents at issue in this case, he is traumatized when he sees police officers. Effectively, defendants seek to show that plaintiff has had numerous negative interactions with police in the past. Although relevant to damages, such evidence is highly prejudicial. Therefore, defendants' request is denied. Plaintiff is warned however that if he opens the door to such evidence by testifying at trial that he is traumatized whenever he sees police officers, defendants may seek to introduce such evidence.

9. The City's indemnification of defendant officers

Defendants seek to preclude plaintiff from mentioning or introducing evidence of the City of New York's potential obligation to indemnify the individual officers if they are found liable. Docket entry 79 at 15. Defendants argue that any such evidence or testimony would be prejudicial, because if jurors see a "deep pocket" they may not carefully assess issues of liability/damages. Id. at 15-16. In a similar vein, and because they argue the City is not a party in this case, defendants seek to preclude any mention the City or references to defense counsel as City Attorneys. Id. at 15.

Plaintiff shall not mention or introduce evidence of potential indemnification of the individual officers by the City of New York, nor make any argument to the jury of the same. See Williams v. McCarthy, No. 05 Civ. 10230, 2007 WL 3125314, at *7 (S.D.N.Y. Oct. 25, 2007) (Scheindlin, J.). Plaintiff is precluded from referring to the City in this case and defense counsel shall be referred to as attorneys from the Office of the Corporation Counsel. The jury will be informed that the Corporation Counsel represents members of the New York City Police Department which is an agency of the City of New York. See Williams, 2007 WL 3125314, at *7.[5] Accordingly, defendants' request is granted.

---

[5] At the May 11, 2011 conference, while reviewing the parties' Revised Proposed Joint Pretrial Order ("Pretrial Order"), docket entry 82, the Court informed plaintiff that he would not be able to call Commissioner Raymond Kelly to the stand as his witness, given there is no allegation that Commissioner Kelly was personally involved in the events at issue in this case (a prerequisite to § 1983 liability) and is not a proper party for any Monell claim. Hr'g. Tr., May 11, 2011, docket entry 86 at 43-44. Plaintiff did not object. Id. at 44. At the May 23, 2011 status conference, the Court discussed the issue of Commissioner Kelly again:

> Court: We've already gone over in a previous conference that since you are not alleging that Kelly was on the scene or stood by and watched the scene, that Kelly is not going to be participating. Do you understand that sir?
> Plaintiff: Correct, You Honor.
> Court: And you don't have an objection to that?
> Plaintiff: No.
> ....
> Plaintiff: During cross examination I could be able to – relevant to like the supervisory liability thing?
> Court: Well your problem on the supervisory liability claim is that there was a Supreme Court case called

## CONCLUSION

Defendants' motion *in limine* is granted in part and denied in part, as set forth above.

SO ORDERED.

/Signed by Judge Lois Bloom/

LOIS BLOOM
United States Magistrate Judge

Dated: May 27, 2011
Brooklyn, New York

---

Iqbal. ... It basically closed the door on various claims of supervisory liability that are conclusory unless you can allege a direct link. I think you're naming Kelly because you were trying to allege that the city was liable on the municipal custom or policy. You don't have a claim against the city. ...
Plaintiff: Correct.
Court: So if you had a claim against the city, you wouldn't have had to name Kelly, but you could have tried to demonstrate that the city had an officially adopted custom policy or practice that led to the violation of your rights. Without having the city named as a defendant, you have no municipal liability claim. Kelly is not a substitute for the city.
Plaintiff: I understand.

Tr. of May 23, 2011 Status conference, Docket entry 95 at 5-7.